## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| **HOLLI LILLIBRIDGE,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br><br>**JUAN TEJADA, individually and in his official capacity as a law enforcement officer for the Marshalltown Police Department; BRIAN BATTERSON, individually and in his official capacity as a law enforcement officer for Marshalltown Police Department; CHIEF MICHAEL TUPPER, individually and in his official capacity as Chief of Police for the Marshalltown Police Department; CITY OF MARSHALLTOWN, IOWA;**<br><br>**Defendants.** | **Civil No.:**<br><br><br><br><br><br>**COMPLAINT AND JURY DEMAND** |

**COMES NOW,** the Plaintiff, Holli Lillibridge, by and through her undersigned counsel, and for his causes of action, state as follows:

### PARTIES

1.      Holli Lillibridge (hereinafter "Holli" or "Plaintiff") is a United States citizen and was a resident of Marshalltown, Marshall County, Iowa at all times relevant to the events complained of herein.

2.      Defendant Detective Juan Tejada (hereinafter "Detective Tejada") is believed to be a

citizen and resident of Iowa and was employed as a Police Officer for the Marshalltown Police Department at all times relevant to the events complained of herein.

3.     Defendant Captain Brian Batterson (hereinafter Captain Batterson) is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer for the Marshalltown Police Department at all times relevant to the events complained of herein.

4.     Defendant Chief Michael W. Tupper (hereinafter "Tupper") is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer for the Marshalltown Police Department at all times relevant to the events complained of herein.

5.     Defendant City of Marshalltown, Iowa (hereinafter "City") is a municipal corporation organized and authorized to operate under the laws of Iowa and is located at 24 North Center St., Marshalltown, Marshall County, Iowa. Defendant City is responsible for maintaining and operating the Marshalltown Police Department.

## JURISDICTION AND VENUE

6.     Jurisdiction of the Court is invoked under 28 U.S.C. §§ 1331 and 1343(a)(3).

7.     The supplemental jurisdiction of this Court to hear and decide the claims arising out of state law is invoked pursuant to 28 U.S.C. § 1367.

8.     All events and actions referenced in Complaint occurred in the Southern District of Iowa, therefore venue is proper under 28 U.S.C § 1391(b)(2).

## FACTUAL BACKGROUND

9.     On Friday May 10, 2019, between 9:00 and 9:30 AM, Holli Lillibridge was at the temporary Marshalltown courthouse, the MAX building, attending her husband's

criminal trial.

10.     The trial was reconvening in order for closing arguments to be delivered, and Holli was inside Courtroom 2 with her husband and attorney.

11.     Detective Tejada was at the Max building to execute a search warrant on Holli in order to obtain the contents of her phone.

12.     Detective Tejada requested Marshall County Sheriff's Deputies to ask Holli to step out of the courtroom so he could speak to her.

13.     Holli was asked to step out of the courtroom and was directed to where Detective Tejada was standing in the lobby of the MAX building. This caused Holli to be outside the presence of her attorney, who was busy with her husband's trial.

14.     Upon making contact with Holli, Detective Tejada introduced himself and stated he was a police officer with the Marshall County Police Department.

15.     Detective Tejada stated, "I just need to speak with you real quick."

16.     Holli stated, "I'm in the middle of [the trial] with my husband."

17.     Tejada stated, "I understand that but this won't take long."

18.     Holli responded, "I don't have time to do this right now, and I'm not going to speak with you unless I have my lawyers present, and they're in there."

19.     Tejada ignored Holli's requests for her lawyers to be present, and proceeded anyway.

20.     Tejada then says this won't take long, and that he is just going to read this

right here, and that what he was reading was a search warrant.

21.     Tejada made no efforts to allow Holli the opportunity to contact her attorneys.

22.     Tejada began reading the search warrant to Holli and Holli pulled her cell phone out of her pocket in an attempt to reach her attorneys and lock her phone.

23.     Prior to Holli accessing her phone in her back pocket, Detective Tejada had not informed her that the search warrant was for her phone.

24.     When Detective Tejada saw Holli using her phone, he attempted to grab the phone out of her hands.

25.     Holli turned away due to Detective Tejada's aggressive conduct.

26.     When Holli turned around, Detective Tejada grabbed her right arm around her bicep and grabbed the phone out of her hands.

27.     When this encounter was over, Holli stated that she was going to file charges against Detective Tejada for what he did to her, and that she probably had bruising on her arm from Detective Tejada grabbing her.

28.     Holli then states that Detective Tejada assaulted her and asked one of the officers in the MAX building if he saw the incident.

29.     Holli states to Detective Tejada, "you attacked me."

30.     Holli then went back into her husband's trial and Detective Tejada left the building.

31.     Following the incident Holli has significant bruising on her arm in the shape of a hand as documented in Exhibit A.  She later visited the emergency room in Ames Iowa.

32.     Detective Tejada's use of force was excessive as he was in a public courthouse with security guards in the same room.

33.     Holli had made a complaint about Detective Tejada to the Ames Police Department and she was there to be interviewed about the complaint.

34.     At the Ames Police Department, Holli was interviewed by an Lieutenant Daniel Walter, which was documented on his bodycam.

35.     Holli stated that she believed she was assaulted, maybe sexually, due to Detective Tejada brushing against her breast when he was trying to execute the search warrant for Holli's cell phone.

36.     These statements by Holli were not false or for the purpose of misleading law enforcement, and Lieutenant Walter specifically stated, in deposition, that he believed she was recalling the events exactly as they happened.

37.     Lieutenant Walter also stated in deposition that laypersons regularly report sexual crimes, such as sexual assault, that end up only being regular assault, due to lack of knowledge of the law.

38.     Lieutenant Walter then told Holli that Marshalltown Police Department should be handling this case, and directed her to make a complaint with them.

39.     On May 16, Holli and Jennifer Frese visited with Captain Batterson at

Marshalltown Police Department in order to make a complaint about Detective Tejada regarding the incidents alleged herein.

40.     Captain Batterson claimed Holli lied in this interview about the incidents alleged herein.

41.     Captain Batterson also stated, in deposition, that he knew charges were going to be filed against Holli prior to the interview taking place.  He further stated that Detective Tejada may have watched the interview take place, that he discussed the interview with Detective Tejada both prior to, and after it taking place, but yet never interviewed Detective Tejada about the incident prior to filing False Statement charges against Holli.

42.     Following this incident, Holli has been charged with making a false report to law enforcement authorities, harassment in the third degree, and interference with official acts.

43.     On May 22, 2019, Holli discovered that she had a warrant out for her arrest and turned herself in at the Marshall County Sheriff's Office. This was matter SMCR095187 and involved the charged acts of Third Degree Harassment and Interference With Official Acts.

44.     The Third Degree Harassment charge stems from Holli allegedly taking pictures of Marshall County Attorney Jennifer Miller's residence, and the Interference With Official Acts charge stems from the execution of the search warrant to acquire Holli's cell phone. Detective Tejada signed both of the criminal complaints in case SMCR095187.

45.     Detective Tejada knew or should have known that probable cause did not

exist for these criminal complaints. A reasonable investigation into the charges would have concluded such.

46.     On June 4, 2019, Marshalltown Police Department filed a criminal complaint – SRCR095292. This involved the charged act of false report to law enforcement authority. Captain Batterson signed this criminal complaint.

47.     Captain Batterson knew or should have known that probable cause did not exist for these criminal complaints. A reasonable investigation into the charges would have concluded such.

48.     Also on June 4, 2019, another warrant was issued for Holli's arrest regarding SRCR095292.

49.     On June 7, 2019, Holli learned of the warrant for her arrest, and turned herself in to the Marshall County Sheriff's Office.

50.     Prior to both arrest warrants being issued, on or about May 17, 2019, undersigned counsel had been in contact with Captain Batterson about the possibility of having Holli merely turn herself in, instead of a formal arrest warrant being issued.

51.     Instead, an arrest warrant was requested for both cases.

52.     In deposition, Captain Batterson stated Chief Tupper gave the orders to request a formal arrest warrant.

53.     It was the intent of Chief Tupper, Captain Batterson, and Detective Tejada to further harass and demean Holli by having her formally arrested.

54.     Because of her arrest and subsequent trial, Holli endured mental and

emotional distress, from which she continues to suffer. She also suffers from, and will continue to suffer from, past and future physical injuries, loss of use and function of the mind and body, and permanent disfigurement.

55.     Holli has been forced to incur expenses in defending herself against the criminal charges to clear her name.

## CAUSES OF ACTION

### COUNT I
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983
### VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### *Right to be Free from Arrest without Probable Cause*
### *(Against Brian Batterson and Juan Tejada, individually)*

56.     Plaintiff repleads paragraphs 1 through 55 as if fully set forth herein.

57.     Defendants Detective Tejada and Captain Batterson are persons for the purposes of a Section 1983 action for damages.

58.     At all times material hereto, Detective Tejada and Captain Batterson's actions and/or omissions were made under the color of authority and law as officers for the Marshalltown Police Department.

59.     By charging Holli with crimes where probable cause did not exist, by filing criminal complaints, on or about May 22, 2019 (SMCR095187) and June 4, 2019 (SRCR095292, Captain Batterson and Detective Tejada violated Holli's clearly established constitutional rights, to wit: by arresting Holli without probable cause to believe a criminal offense had been committed.

60.     Based upon the facts known to Captain Batterson and Detective Tejada, no reasonable officer could believe probable cause existed to arrest Holli.

61.    Captain Batterson and Detective Tejada violated Holli's Fourth and/or Fourteenth Amendment Right to the United States Constitution to be free from unlawful arrest.

62.    Captain Batterson and Detective Tejada demonstrated a deliberate indifference to and/or reckless disregard of Christopher's civil and constitutional rights by their unlawful arrest of Holli.

63.    Captain Batterson and Detective Tejada's actions were willful, wanton, unlawful, and in gross disregard of Chad's civil rights, justifying an award of punitive damages.

64.    As a direct and proximate result of Captain Batterson and Detective Tejada's illegal and unjustified conduct, Holli was injured and is entitled to recover for what she has suffered in the past and will suffer in the future suffer, including:

    a.  Deprivation of her constitutional rights;

    b.  Humiliation, degradation, past and future emotional distress, and past and present loss of function of mind and body;

    c.  Actual and Compensatory Damages including, but not limited to past, present and future pain and suffering and medical expenses;

    d.  Punitive damages;

    e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE,** the Plaintiff, Holli Lillibridge, prays for Judgment against

Defendants, Brian Batterson and Juan Tejada, as follows:

    a.  Compensation for violation of her constitutional rights, pain, suffering, mental anguish, and humiliation; and

    b.  Plaintiff's cost in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

    c.  Punitive damages; and,

    d.  Such relief as the Court deems just and equitable.

<u>**COUNT II**</u>
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983**
**VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENT TO THE**
**UNITED STATES CONSTITUTION**
<u>***Right to be Free from Excessive Force***</u>
***(Against Juan Tejada, individually)***

65.    Plaintiff repleads paragraphs 1 through 64 as if fully set forth herein.

66.    Defendant Juan Tejada is a person for the purposes of a Section 1983 action

for damages.

67.    At all times material hereto, Detective Tejada's actions and/or omissions

were made under the color of authority and law as a officer for the Marshalltown Police

Department.

68.    On or about April May 10, 2019, Detective Tejada violated Holli

Lillibridge's clearly established constitutional rights, to wit: by using excessive force in the

execution of a search warrant on Holli.

69.    Detective Tejada violated Holli's Fourth and/or Fourteenth Amendment

Right under the United States Constitution to be free from excessive force.

70.     The use of force Detective Tejada employed while confronting Holli was excessive, unreasonable, and unnecessary under the circumstances.

71.     Detective Tejada demonstrated a deliberate indifference to and/or reckless disregard of Holli's civil and constitutional rights by their use of force against him.

72.     Detective Tejada's actions were willful, wanton, unlawful, and in gross disregard of Holli's civil rights, justifying an award of punitive damages.

73.     As a direct and proximate result of Detective Tejada's illegal and unjustified conduct, Holli was injured and is entitled to recover for what he has suffered in the past and will suffer in the future suffer, including:

    a.  Deprivation of her constitutional rights;

    b.  Humiliation, degradation, past and future emotional distress, and past and present loss of function of mind and body;

    c.  Actual and Compensatory Damages including, but not limited to past, present and future pain and suffering and medical expenses;

    d.  Punitive damages;

    e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE,** the Plaintiff, Holli Lillibridge, prays for Judgment against the Defendant Juan Tejada as follows:

    a.  Compensation for violation of her constitutional rights, pain, suffering, mental anguish, and humiliation; and

b.  Plaintiff's cost in this action, including reasonable attorney fees and
costs pursuant to 42 U.S.C. § 1988;

c.  Punitive damages; and,

d.  Such relief as the Court deems just and equitable.

**COUNT III**
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983 VIOLATION OF**
**FOURTH AMENDMENT AND/OR FOURTEENTH AMENDMENT TO THE**
**UNITED STATES CONSTITUTION**
*Monell Liability for Arrest without Probable Cause*
*(Against Defendants Michael Tupper, individually, and City of Marshalltown)*

74.     Plaintiff repleads paragraphs 1 through 73 as if fully set forth herein.

75.     Defendants Michael Tupper and City of Marshalltown are persons for the

purposes of Section 1983 action for damages.

76.     At all times material hereto, Chief Tupper's actions and/or omissions were

made under the color of authority as the Chief of Police for Defendant City.

77.     As Chief, Chief Tupper is responsible for supervising and training the law

enforcement officers of the Marshalltown Police Department, as well as implementing and

enforcing the City's policies.

78.     Chief Tupper and City failed to establish and/or maintain, and/or enforce

official city and/or county policies, patterns, practices, or customs for determining when

probable cause exists to make an arrest for interference with official acts as well as training

officers on lawful and proper arresting procedures.

79.     Prior to the events described *supra*, Chief Tupper and City deliberately and

with reckless disregard for the constitutional rights of its citizens failed to establish an

adequate and sufficient policy and procedure for training or supervising officers within the

department relating to when probable cause exists to believe a criminal offense has been committed.

80.     Chief Tupper and City deliberately and with reckless disregard for the constitutional rights of the people existing within their jurisdiction failed to adequately and sufficiently train and/or supervise officers within their departments regarding when probable cause exists to believe a criminal offense has been committed.

81.     The customs and practices of Chief Tupper and City were ones which involved the failure to initiate policies to ensure arrest are performed only where probable cause exists to believe a criminal offense has been committed.

82.     The acts and/or omissions of Chief Tupper and City regarding law enforcement and citizen interactions amounted to deliberate indifference to the rights and safety of citizens, including Holli.

83.     The actions and/or omissions of Chief Tupper and City intruded upon Holli's right to be free from arrest in the absence of probable cause.

84.     The failure of Chief Tupper and City to implement effective policies, patterns, practices, and/or customs was a moving force behind, and effectively caused, Defendants Tejada and Batterson to violate Holli's constitutional rights.

85.     Chief Tupper and City's actions were willful, wanton, unlawful, and in gross disregard of Holli's civil rights, justifying an award of punitive damages.

86.     As a direct and proximate result of Chief Tupper and City's illegal and unjustified conduct, Holli was injured and is entitled to recover for what she has suffered in the past and will suffer in the future suffer, including:

a. Deprivation of her constitutional rights;

b. Humiliation, degradation, past and future emotional distress, and past and present loss of function of mind and body;

c. Actual and Compensatory Damages including, but not limited to past, present and future pain and suffering and medical expenses;

d. Punitive damages;

e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

f. Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE,** the Plaintiff, Holli Lillibridge, prays for Judgment against the

Defendants, Chief Tupper and City, as follows:

a. Compensation for violation of her constitutional rights, pain, suffering, mental anguish, and humiliation; and

b. Plaintiff's cost in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

c. Punitive damages; and,

d. Such relief as the Court deems just and equitable.

## <u>COUNT IV</u>
## CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983 VIOLATION OF FOURTH AMENDMENT AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### <u>*Monell Liability for Excessive Force*</u>
### *(Against Defendants Michael Tupper, individually, and City of Marshalltown)*

87.   Plaintiff repleads paragraphs 1 through 86 as if fully set forth herein.

88.   Defendants Michael Tupper and City of Marshalltown are persons for the

purposes of Section 1983 action for damages.

89.     At all times material hereto, Chief Tupper's actions and/or omissions were made under the color of authority as the Chief of Police for City.

90.     Chief Tupper is responsible for supervising and training the law enforcement officers of the Marshalltown Police Department, as well as implementing and enforcing the City's policies.

91.     Chief Tupper and City failed to establish and/or maintain, and/or enforce official city and/or county policies, patterns, practices, or customs for determining when and to what degree force is to be used in executing a search warrant.

92.     Prior to the events described *supra*, Chief Tupper and City deliberately and with reckless disregard for the constitutional rights of its citizens failed to establish an adequate and sufficient policy and procedure for training or supervising officers within the department relating to when and to what degree force is to be used in executing a search warrant.

93.     Chief Tupper and City deliberately and with reckless disregard for the constitutional rights of the people existing within their jurisdiction failed to adequately and sufficiently train and/or supervise officers within their departments regarding when and to what degree force is to be used in executing a search warrant.

94.     The customs and practices of Chief Tupper and City were ones which involved the failure to initiate policies to ensure force is not used against a compliant and non-fleeing person when executing a search warrant stemming from a non-violent simple misdemeanor.

95.     The acts and/or omissions of Chief Tupper and City regarding law enforcement and citizen interactions amounted to deliberate indifference to the rights and safety of citizens, including Holli.

96.     The actions and/or omissions of Chief Tupper and City intruded upon Holli's right to be free from excessive force.

97.     The failure of Chief Tupper and City to implement effective policies, patterns, practices, and/or customs was a moving force behind, and effectively caused, Defendant Tejada to violate Holli's constitutional rights.

98.     Chief Tupper and City's actions were willful, wanton, unlawful, and in gross disregard of Holli's civil rights, justifying an award of punitive damages.

99.     As a direct and proximate result of Chief Tupper and City's illegal and unjustified conduct, Holli was injured and is entitled to recover for what he has suffered in the past and will suffer in the future suffer, including:

    a.  Deprivation of her constitutional rights;

    b.  Humiliation, degradation, past and future emotional distress, and past and present loss of function of mind and body;

    c.  Actual and Compensatory Damages including, but not limited to past, present and future pain and suffering and medical expenses;

    d.  Punitive damages;

    e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42  U.S.C.

§1988.

**WHEREFORE,** the Plaintiff, Holli Lillibridge, prays for Judgment against the

Defendants, Chief Tupper and City, as follows:

    a.   Compensation for violation of her constitutional rights, pain, suffering, mental anguish, and humiliation; and

    b.   Plaintiff's cost in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

    c.   Punitive damages; and,

    d.   Such relief as the Court deems just and equitable.

## <u>COUNT V</u>
## MALICIOUS PROSECUTION
### *(Against Brian Batterson and Juan Tejada, individually and in their official capacity)*

100.    Plaintiff repleads paragraphs 1 through 99 as if fully set forth herein.

101.    Holli Lillibridge was prosecuted in two criminal proceedings: <u>State v.</u>

<u>Lillibridge</u>, Marshall County Case No. SRCR095292, beginning on or about June 4, 2019; and <u>State v. Lillibridge</u>, Marshall County Case No. SMCR095187, beginning on or about May 16, 2019.

102.    Captain Batterson and Detective Tejada caused these prosecution by jointly

and/or separately preparing and filing a criminal complaint against Holli.

103.    Captain Batterson and Detective Tejada acted without probable cause.

104.    Based upon the facts known to Captain Batterson and Detective Tejada, no

reasonable officer could believe probable cause existed to charge Holli with a criminal

offense.

105.    Captain Batterson and Detective Tejada acted with malice.

106.    The prosecution was a cause of damages to Holli, including incurring

attorney fees and costs associated with defending against the criminal charges.

107.   Captain Batterson and Detective Tejada's actions were willful, wanton, unlawful, and in gross disregard of Holli's rights and reputation justifying an award of punitive damages.

108.   Plaintiff hereby request reasonable attorney fees and costs associated with prosecuting this action as Defendants' behavior was oppressive, conniving, harsh, cruel, and/or tyrannical.

**WHEREFORE**, the Plaintiff, Holli Lillibridge, respectfully requests judgment against Defendants Brian Batterson and Juan Tejada in an amount which will fully and fairly compensate her for her mental and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## <u>COUNT VI</u>
### FALSE ARREST
*(Against Brian Batterson, Juan Tejada, and Michael Tupper, individually and in their official capacity)*

109.   Plaintiff repleads paragraphs 1 through 108 as if fully set forth herein.

110.   On May 22, 2019 and June 7, 2019, Holli Lillibridge was detained and restrained against her will.

111.   Holli's detention and restraint was effectuated by Chief Tupper, Captain Batterson, and Detective Tejada.

112.   The detention and restraint by Chief Tupper, Captain Batterson, and Detective Tejada was a cause of Holli's damages, including incurring attorney fees and

costs associated with defending against the criminal charge.

113.    Chief Tupper, Captain Batterson, and Detective Tejada's detention and restraint of Holli was without probable cause.

114.    Based upon the facts known to Chief Tupper, Captain Batterson, and Detective Tejada, no reasonable officer could believe probable cause existed to arrest Holli.

115.    Chief Tupper, Captain Batterson, and Detective Tejada's acted with malice in the detention and restraint of Holli.

116.    Chief Tupper, Captain Batterson, and Detective Tejada's actions were willful, wanton, unlawful, and in gross disregard of Holli's rights and reputation, justifying an award of punitive damages.

117.    Plaintiff hereby request reasonable attorney fees and costs associated with prosecuting this action as Defendants' behavior was oppressive, conniving, harsh, cruel, and/or tyrannical.

**WHEREFORE**, the Plaintiff, Holli Lillibridge, respectfully requests judgment against Defendants Michael Tupper, Brian Batterson, and Juan Tejada in an amount which will fully and fairly compensate for her mental and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT VII
### BATTERY
#### *(Against Juan Tejada, individually and in his official capacity)*

118.    Plaintiff repleads paragraphs 1 through 117 as if fully set forth herein.

119.    Detective Tejada grabbed Holli Lillibridge by her arms and clothing, causing

significant bruising on her right arm..

120.    The acts were done with the intent to cause physical pain or injury.

121.    The acts of Detective Tejada resulted in physical pain and injury, as well as insulting or offensive bodily contact.

122.    The acts of Detective Tejada was a cause of Holli's damages.

123.    Detective Tejada acted with malice toward Holli.

124.    Detective Tejada's actions were willful, wanton, unlawful, and in gross disregard of Holli's rights and reputation, justifying an award of punitive damages.

125.    Plaintiff hereby request reasonable attorney fees and costs associated with prosecuting this action as Defendants' behavior was oppressive, conniving, harsh, cruel, and/or tyrannical.

**WHEREFORE**, the Plaintiff, Holli Lillibridge, respectfully requests judgment against Defendant Juan Tejada in an amount which will fully and fairly compensate Holli for her physical, mental, and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## <u>COUNT VIII</u>
### ASSAULT
*(Against Juan Tejada, individually and in his official capacity)*

126.    Plaintiff repleads paragraphs 1through 131 as if fully set forth herein.

127.    Detective Tejada grabbed Holli Lillibridge by her arms and clothing, causing significant bruising on her right arm.

128.    The acts were done with the intent to cause Holli to fear physical pain or injury.

129.    Holli reasonably believe that the act causing physical pain or injury would be carried out immediately.

130.    The acts of Juan Tejada were a cause of Holli's damages.

131.    Detective Tejada acted with malice toward Holli.

132.    Detective Tejada's actions were willful, wanton, unlawful, and in gross disregard of Holli's rights and reputation, justifying an award of punitive damages.

**133.**    Plaintiff hereby request reasonable attorney fees and costs associated with prosecuting this action as Defendant's behavior was oppressive, conniving, harsh, cruel, and/or tyrannical.

**WHEREFORE**, the Plaintiff, Holli Lillibridge, respectfully requests judgment against Defendant Juan Tejada in an amount which will fully and fairly compensate Holli for her physical, mental, and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

### COUNT IX
### ABUSE OF PROCESS
*(Against Brian Batterson and Juan Tejada, individually and in their official capacity)*

134.    Plaintiff repleads paragraphs 1 through 133 as if fully set forth herein.

135.    On or about May 16, 2019, and June 4, 2019, Defendants Brian Batterson and Juan Tejada intentionally used the criminal legal process against Holli by preparing and filing criminal complaint against Holli.

136.    Captain Batterson and Detective Tejada used the criminal legal process against Holli in an effort to avoid civil liability against them for having asserted her rights under the United States and Iowa Constitutions, and due to Tejada having used force against her, and not for its intended use.

137.    Captain Batterson and Detective Tejada's use of the legal process for the improper purpose was a cause of Holli's damages including incurring attorney fees and costs associated with defending against the criminal charge.

138.    Captain Batterson and Detective Tejada's actions were willful, wanton, unlawful, and in gross disregard of Holli's rights and reputation, justifying an award of punitive damages.

139.    Plaintiff hereby request reasonable attorney fees and costs associated with prosecuting this action as Defendants' behavior was oppressive, conniving, harsh, cruel, and/or tyrannical.

**WHEREFORE**, the Plaintiff, Holli Lillibridge, respectfully requests judgment against Defendants Brian Batterson and Juan Tejada in an amount which will fully and fairly compensate Holli for her mental and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

### COUNT X
### NEGLIGENT SUPERVISION AND TRAINING
### *(Against Defendants Michael Tupper and City of Marshalltown)*

140.    Plaintiff repleads paragraphs 1 through 139 as if fully set forth herein.

141.    Defendants Chief Tupper and City were the employers and/or supervising

officers of Captain Batterson and Detective Tejada.

142.    As the employer, Defendants have a duty to exercise reasonable care in the hiring, retention and supervision of individuals who, because of their employment, may pose a threat of injury to members of the public.

143.    Defendants breached their duty in the negligent and reckless supervision and training of Captain Batterson and Detective Tejada as it relates to their making false arrests, initiating malicious prosecutions, abusing the legal process, and committing assault and/or battery in their roles as law enforcement officers for the Marshalltown Police Department.

144.    Defendants knew, or in the exercise of ordinary care should have known, of the incompetence, unfitness, and dangerous characteristics of Captain Batterson and Detective Tejada.

145.    The incompetence, unfitness, and dangerous characteristics of Captain Batterson and Detective Tejada were a cause of damage to Plaintiff.

146.    These Defendants' negligence was a proximate cause of Plaintiff's injuries.

**WHEREFORE**, the Plaintiff, Holli Lillibridge, respectfully requests judgment against Defendants Michael Tupper and City of Marshalltown, Iowa in an amount which will fully and fairly compensate him for his mental and emotional injuries and damages, compensatory damages, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT X
## RESPONDEAT SUPERIOR
### *(Against Defendant City of Marshalltown)*

147.    Plaintiffs replead paragraphs 1 through 146 as if fully set forth herein.

148.    At all times material hereto, an employer-employee relationship existed between the Chief Tupper and City of Marshalltown, Iowa, as the employer, and Captain Batterson, and Detective Tejada as the employees.

149.    At all times material hereto Captain Batterson and Detective Tejada were acting within the scope of their employment with City.

150.    Under the doctrine of respondeat superior, City is liable for the aforementioned conduct and/or omissions of Captain Batterson and Detective Tejada.

151.    As a result of the conduct and/or omissions of Defendant, Plaintiff sustained damages and injuries as previously set forth in this Petition.

**WHEREFORE**, the Plaintiff, Holli Lillibridge, respectfully requests judgment against Defendants Michael Tupper and City of Marshalltown, Iowa in an amount which will fully and fairly compensate Holli for her physical, mental, and emotional injuries and damages, compensatory damages, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury in this matter on all counts to which Plaintiff is entitled to a jury.

Holli Lillibridge, Plaintiff

BY:    **___/s/ Jennifer Frese_____**
BY:    **___/s/ _Chad R. Frese_____**
JENNIFER FRESE, CHAD R. FRESE
KAPLAN & FRESE, LLP
111 East Church Street
Marshalltown, Iowa 50158
Phone:  (641) 753-5549
chad@kaplanfrese.com
jennifer@kaplanfrese.com

# EXHIBIT A

