IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| HOLLI LILLIBRIDGE, | ) Case No. 4:19-cv-00390-SMR-HCA |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JUAN TEJADA, BRIAN BATTERSON, | ) ORDER ON DEFENDANTS' PARTIAL |
| MICHAEL TUPPER individually and in their | ) MOTION TO DISMISS |
| official capacities, and CITY OF | ) |
| MARSHALLTOWN, | ) |
| | ) |
| Defendants. | ) |

The events giving rise to this suit begin with an allegation, and later criminal charges, against Plaintiff Holli Lillibridge for taking photographs at the Marshall County Attorney's residence. During the investigation of the incident, Plaintiff was involved in an altercation with a detective from the Marshalltown Police Department ("MPD"). Plaintiff alleges the detective used excessive force while serving a search warrant on her telephone and later conspired with other police officers to fabricate criminal charges that were not supported by probable cause, violating her rights under the United States Constitution. For the reasons discussed below, Defendants' Partial Motion to Dismiss, [ECF No. 22], is GRANTED.

I. BACKGROUND

*A. Factual Background*[1]

On May 10, 2019, Plaintiff was attending her husband's criminal trial at the courthouse in Marshalltown, Iowa when sheriff's deputies requested she step out of the courtroom to speak with

---

[1] The facts come from the Amended Complaint, [ECF No. 18], and are assumed true for the purposes of the Motion to Dismiss. *See Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010) (holding courts must accept as true the plaintiff's factual allegations, but they need not accept as true the plaintiff's legal conclusions).

Juan Tejada, a detective with the MPD. [ECF No. 18 ¶¶ 9–12]. Detective Tejada told Plaintiff that he was at the courthouse to serve a search warrant. *Id.* ¶ 20. Plaintiff alleges that Detective Tejada did not tell her that the search warrant was for her cellular telephone before he read the warrant to her. *Id.* ¶ 23. Plaintiff alleges that when she pulled her telephone out of her pocket to contact her attorneys, Detective Tejada attempted to grab it out of her hands. *Id.* ¶ 24. Plaintiff says she reacted to his reach by turning away from him. *Id.* ¶ 25. Detective Tejada then grabbed Plaintiff's arm and took the telephone from her. *Id.* ¶ 26. Plaintiff responded by telling Detective Tejada that he "attacked" her, she probably had bruises on her arm from his grip, and she would pursue criminal charges against him. *Id.* ¶¶ 27–30. Plaintiff returned to the courtroom after the altercation. *Id.* ¶ 30.

After the incident, Plaintiff visited an emergency room where she discovered her arm had significant bruising and there was a large hematoma on her right bicep. *Id.* ¶ 32; *see* [ECF No. 1 at 25] (Photograph of Plaintiff's arm with a large bruise on the right bicep). Plaintiff reported the incident to the Ames Police Department where she told the interviewing officer that she was assaulted by Detective Tejada, perhaps sexually because he had contacted her breast when he reached for her telephone. *Id.* ¶¶ 34–36. The officer told Plaintiff that the matter should be handled by the MPD and she should file a complaint with them. *Id.* ¶ 39.

Plaintiff filed a complaint with the MPD on May 16, 2019, accompanied by counsel, where she was interviewed by Captain Brian Batterson. *Id.* ¶ 40. Captain Batterson later claimed that Plaintiff lied during the interview about her altercation with Detective Tejada. *Id.* ¶ 41. Plaintiff alleges that Captain Batterson testified in a deposition that he was aware Plaintiff was going to be charged with filing a false statement before the interview took place and he never interviewed Detective Tejada about the incident prior to filing the charges against Plaintiff. *Id.* ¶ 42. Plaintiff

alleges this is evidence that Captain Batterson and Detective Tejada "cooperated" in bringing charges against Plaintiff. *Id.* ¶ 43. On May 22, 2019, an arrest warrant was issued for Plaintiff for harassment and interference with official acts, stemming from an incident at the Marshall County Attorney's home where Plaintiff was found taking photographs of the County Attorney's private vehicle and outer residence. *Id.* ¶ 45 ("First Case"). A second warrant for Plaintiff's arrest was issued on June 4, 2019, charging her with filing a false report to law enforcement, pertaining to the incident with Detective Tejada at the courthouse. *Id.* ¶¶ 57, 63 ("Second Case").

### B. Procedural History

Plaintiff filed this suit on December 4, 2019, alleging a variety of constitutional violations arising out of her interactions with the MPD and their investigation of the two incidents. [ECF No. 1]. Defendants filed a motion to dismiss April 14, 2020. [ECF No. 9]. The Court granted Plaintiff leave to file an Amended Complaint, which she did on August 31, 2020.[2] [ECF No. 18]. Defendants renewed their Partial Motion to Dismiss on September 16, 2020, [ECF No. 22], asking the Court to dismiss Plaintiff's claims for: arrest without probable cause (Count I); false arrest (Count III); negligent supervision and training (Count VII); *respondeat superior* claims against the City of Marshalltown (Count VIII); violation of substantive due process (Count IX); conspiracy to deprive Plaintiff of her constitutional rights (Count X); and civil conspiracy (Count XI). Plaintiff filed a resistance. [ECF No. 29].

---

[2] Defendants' first motion to dismiss, [ECF No. 9], asked the Court, in part, to dismiss claims for *Monell* liability and Malicious Prosecution. Plaintiff moved to dismiss those claims in her own motion, [ECF No. 14], which was in effect GRANTED when the Court gave leave to file the Amended Complaint. The other claims Defendants' moved to dismiss are contained in the renewed Motion to Dismiss before the Court now, [ECF No. 22]. As such, Defendants' first motion to dismiss, [ECF No. 9], is DENIED AS MOOT.

## II.   STANDARD OF REVIEW

Rule 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard, and thus survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The facts alleged in the complaint 'must be enough to raise a right to relief above the speculative level.'" *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009) (quoting *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009)). All reasonable inferences must be drawn in the plaintiff's favor. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009).

## III.   ANALYSIS

### A.   *Count I: Arrest without Probable Cause*

Plaintiff alleges that Defendants lacked probable cause to arrest her for the First Case and the Second Case, violating her right to be free from unreasonable seizures under the Fourth Amendment.[3]  Regarding the First Case, she alleges that MPD conducted an insufficient

---

[3] Violations of federal constitutional rights by state and local government officials are actionable under 42 U.S.C. § 1983 which, in part, provides:

investigation into whether her act of photographing the County Attorney's home and vehicle met the statutory requirements for third-degree harassment and interference with official acts. [ECF No. 18 ¶ 47]. She further alleges Detective Tejada, the investigating officer, did not determine if the County Attorney was home at the time of the incident, did not speak with the County Attorney or her husband, and had no information whether Plaintiff knew anyone was home at the time. *Id.* ¶¶ 48–52. She claims "Tejada should have known that these facts do not give rise to probable cause for the charges alleged," and a "reasonable investigation" would have concluded her actions did not meet the statutory definition of those offenses. *Id.* ¶¶ 47, 52. Concerning the Second Case, Plaintiff alleges that Captain Batterson did not conduct a reasonable investigation into the altercation between her and Detective Tejada—such as failing to interview Detective Tejada about what happened—and if he had, he would have known there was not probable cause to support the criminal charges. *Id.* ¶ 55. Plaintiff acknowledges that Captain Batterson was correct when he noted that Plaintiff had omitted and changed facts during her interview, but she insists these "were very discreet, minute details." *Id.* ¶ 59. According to Plaintiff, her recounting of the incident with Detective Tejada was "so similar to what can be seen on Tejada's bodycam footage, Captain Batterson should have known" she did not purposefully or willfully omit or change facts. *Id.* ¶ 62.

Defendants move to dismiss the claim for arrest without probable cause. They argue that a claim for arrest without probable cause fails if the officer had probable cause to make the arrest. *Anderson v. Larson*, 327 F.3d 762, 770 (8th Cir. 2003) ("A claim of false arrest brought pursuant

---

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

to § 1983 fails if the officer had probable cause to make the arrest."). Defendants point out that an arrest warrant was issued for both Cases after the district court found there was probable cause. *See* [ECF No. 22-1 at 24–35].

Plaintiff disputes that the arrest warrants and accompanying documents can be considered by the Court at this stage. She argues the documents cannot be considered because the Court is limited to the pleadings and materials "embraced" by the pleadings. *See Enervations, Inc. v Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004) ("[D]ocuments 'necessarily embraced by the complaint' are not matters outside the pleading.") (citations omitted). Documents "embraced" by the pleadings must not disputed by the parties to be proper for consideration on a motion to dismiss. *See Silver v. H&R Block*, 105 F.3d 394, 397 (8th Cir. 1997) (pointing out the district court "could have properly considered the [extra-pleading material] in granting the motion to dismiss" because "the entire lawsuit is based on the [material] and [plaintiff] [did] not dispute their content"). The contents of the arrest warrants are disputed by Plaintiff because she alleges Detective Tejada and Captain Batterson lied in their affidavits in support of the arrest warrants. [ECF No. 29-1 at 6]. Thus, according to Plaintiff, it would be improper to consider the arrest warrants in determining if she states a claim for arrest without probable cause because the Court must take her factual allegations as true at this stage.

However, nowhere in the Amended Complaint does she plead that Detective Tejada and Captain Batterson lied in the affidavits, and arguments made in resisting a motion to dismiss are not pleadings. She simply pleads that their investigations in both Cases were insufficient and they "should have known" probable cause did not exist for the charges. [ECF No. 18 ¶¶ 47, 52, 53, 55]. Also, "whether probable cause exist[s] to justify an arrest . . . is a legal question," *United States v. Kelly*, 329 F.3d 624, 628 (8th Cir. 2003), so the Court need not accept Plaintiff's legal

conclusions, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999). Plaintiff's claim for arrest without probable cause fails because Defendants had probable cause to arrest her, a determination which was affirmed by a neutral magistrate issuing the warrant for her arrest. Defendants' Motion to Dismiss Count I for arrest without probable cause is GRANTED.

### B. Count III: False Arrest.

Defendants ask the Court to dismiss Count III of the Amended Complaint for false arrest. In her resistance, Plaintiff moves to dismiss her claim for false arrest. [ECF No. 29-1 at 11]. Therefore, Defendants' Motion to Dismiss Count III for false arrest is GRANTED.

### C. Count VII: Negligent Supervision and Training

Count VII of the Amended Complaint accuses Defendants Michael Tupper and the City of Marshalltown of negligent supervision and training of Detective Tejada and Captain Batterson. She claims Tupper and the City were negligent in their supervision of the two officers relating to "their making false arrests, initiating malicious prosecutions, abusing the legal process, committing assault and/or battery." [ECF No. 18 ¶ 124].

To prove a negligent supervision and training claim, Plaintiff must show:

> (1) the employer knew, or in the exercise of ordinary care should have known, of its employee's unfitness at the time the employee engaged in wrongful or tortious conduct;
>
> (2) through the negligent . . . supervision of the employee, the employee's incompetence, unfitness, or dangerous characteristics proximately caused injuries to the plaintiff; and
>
> (3) there is some employment or agency relationship between the employee and the defendant employer.

*Bandstra v. Covenant Reformed Church*, 913 N.W.2d 19, 41 (Iowa 2018) (citation omitted). The Complaint fails to plead sufficient facts that either Chief Tupper or the City knew or should have known of any unfitness of Detective Tejada or Captain Batterson. The Complaint does not contain

any allegations that either officer had a history of wrongful arrests or excessive force but rather merely asserts that Defendants "knew, or in the exercise of ordinary care should have known" that their employees were unfit. [ECF No. 18 ¶ 124]. To survive a motion to dismiss, a pleading with "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Defendants' Motion to Dismiss Count VII for negligent supervision and training is GRANTED.

### D. Count VIII: Respondeat Superior

Defendants move to dismiss Count VIII for *respondeat superior* liability on the part of the City for claims relating to Plaintiff's arrest. Their motion does not address any liability for the City concerning other claims. Because the Court has already dismissed Plaintiff's claims relating to her arrest, Defendants' Motion to Dismiss Count VIII for *respondeat superior* liability for the City relating to Plaintiff's arrest is GRANTED in part. Count VIII may proceed relating to other claims that remain to which it may apply.

### E. Count IX: Violation of Substantive Due Process

Count IX alleges that Defendants violated Plaintiff's substantive due process rights protected under the Fourteenth Amendment because they "intentionally and recklessly failed to investigate before filing criminal complaints against Plaintiff." [ECF No. 18 ¶ 135].

The United States Court of Appeals for the Eighth Circuit has held that the substantive due process clause may be violated by a reckless or intentional failure to investigate in circumstances in which: (1) the state actor attempted to coerce or threaten the defendant; (2) investigators intentionally disregarded evidence exculpating the defendant; or (3) there existed "systematic pressure to implicate the defendant in the face of contrary evidence." *Akins v. Epperly*, 588 F.3d 1178, 1184 (8th Cir. 2009). The conduct of the government officials must "shock the conscience" to violate substantive due process rights. *Amrine v. Brooks*, 522 F.3d 823, 833

(8th Cir. 2008). "[F]ailure to investigate inconsistencies or other leads is insufficient to establish conscience-shocking misconduct." *Akins*, 588 F.3d at 1184.

Plaintiff alleges that Detective Tejada never investigated whether the County Attorney was home or interviewed her spouse during the investigation. [ECF No. 18 ¶¶ 48–49]. She alleges he did not investigate whether Plaintiff knew anyone was home when she took the photographs. *Id.* ¶ 50. Plaintiff also alleges that Captain Batterson did not properly investigate the incident between her and Detective Tejada prior to filing charges for a false report to law enforcement. *Id.* ¶ 56. According to Plaintiff, the facts Captain Batterson said she omitted during her complaint about Detective Tejada were minor details—not sufficient to give rise to a false report charge. *Id.* ¶ 59.

Defendants assert that Plaintiff was caught in the act of photographing the County Attorney's home as the County Attorney was set to prosecute Plaintiff's spouse on criminal charges. They also contend the Amended Complaint concedes that Plaintiff misstated facts when she filed a complaint against Detective Tejada. [ECF No. 22-1 at 19]. The encounter between Plaintiff and Detective Tejada was also caught on bodycam, so Captain Batterson's decision to files charges without interviewing Detective Tejada was also reasonable, according to Defendants.

The Court finds that Plaintiff fails to plead sufficient facts to state a claim for a substantive due process violation. The facts, as pleaded in the Amended Complaint, do not describe textbook criminal investigations in either case. However, the allegations fall far short of "shocking the conscience" or rising to the level of a constitutional violation. Plaintiff's allegations, at best, describe a pair of theoretically "negligent" investigations but not enough to state a claim of constitutional dimension. *Amrine*, 522 F.3d at 833 ("Mere negligent failure to investigate does not

violate substantive due process."). Defendants' Motion to Dismiss Count IX for violation of substantive due process is GRANTED.

    *F. Counts X and XI: Conspiracy to Deprive of Constitutional Rights and Civil Conspiracy*

Plaintiff moves to dismiss Count X for conspiracy to deprive her of her constitutional rights and Count XI for civil conspiracy under Iowa state law. Defendants' Motion to Dismiss Counts X and XI is GRANTED.

## IV.    CONCLUSION

Defendants' Partial Motion to Dismiss on the above claims, [ECF No. 22], is GRANTED. Counts I, III, VII, IX, X, and XI of Plaintiff's Amended Complaint are DISMISSED. Count VIII is DISMISSED IN PART. Defendants' earlier motion, [ECF No. 9], is DENIED AS MOOT.

IT IS SO ORDERED.

Dated this 23rd day of February, 2021.

                                                                STEPHANIE M. ROSE, JUDGE
                                                                 UNITED STATES DISTRICT COURT